# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC COLLINS,<br><br>          Plaintiff,<br><br>   vs.<br><br>SCHWARZENEGGER, et al.,<br><br>          Defendants. | 1:12cv01245 DLB PC<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Eric Collins, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on July 30, 2012. He names former Governor Schwarzenegger, Governor Brown, Chief Medical Officer Chudy, Physician's Assistant Green, CEO Lonigro, Dr. Rohrdanz, R.N. Shortnacy, Dr. Rahim, Dr. Taherpour, Dr. Duenas and Dr. Ahmed as Defendants.[1]

**A.    LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Institution for Men in Chino, California.  The events complaint of occurred while he was housed at Pleasant Valley State Prison ("PVSP") and the Correctional Training Facility in Soledad, California ("CTF- Soledad").

Plaintiff's complaint appears to relate to medical treatment he received for his left hand.  He alleges that Defendants Schwarzenegger and Brown were responsible for all state employees during the time period at issue.  Defendant Dr. Rohrdanz was Plaintiff's primary care physician at PVSP and Plaintiff alleges that he was responsible for his health care.  Plaintiff alleges that

Defendant Chudy was responsible for all medical staff at CTF-Soledad, and allowed doctors to provide sub-standard care.  Plaintiff alleges that Defendant Green (PVSP) allowed his hand to go untreated.  He contends that Defendant Lonigro, as CEO of California Prison Health Care Services, is responsible for all prison health care services.  Plaintiff alleges that Defendant Nurse Shortnacy (PVSP) violated California Code of Regulations title 15, section 3358(b), when she took his bone stimulator, against doctor's orders, prior to his transfer from PVSP to CTF-Soledad.

Plaintiff alleges that Defendant Dr. Duenas (PVSP) was aware that his hand was in need of an operation and allowed Plaintiff to wait in pain from 2008 through 2011, when surgery was performed.

Plaintiff alleges that Defendant Dr. Ahmed (CTF-Soledad) ignored orders in Plaintiff's file to keep him on a bone stimulator.  Dr. Ahmed had Plaintiff visit an orthopedic surgeon to schedule an operation.  Seven days prior to his scheduled surgery, Dr. Ahmed and Defendant Chudy allowed Plaintiff to be transferred back to PVSP.  Plaintiff alleges that medical staff at PVSP knew of his scheduled operation, but instead of a visit to an orthopedic surgeon, Plaintiff was sent to an array of doctors, none of which were qualified to operate on him.

Plaintiff alleges that since 2008, he has submitted approximately 30 Health Care Request Forms requesting medical care for his left hand.  It was not until 2011, when he wrote to the California Prison Law Office and they contacted the Receiver's office, that he underwent surgery.  Plaintiff alleges at that time, however, it was too late because his bone had deteriorated beyond repair and had to be fused to his wrist.  Plaintiff contends that he is now permanently disabled.

**C.     ANALYSIS**

  1.     <u>Pleading Requirements</u>

  As explained above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" <u>Id</u>. (quoting <u>Twombly</u>, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  <u>Id</u>.

  Plaintiff's complaint contains very little, if any, factual information.  Instead, he sets forth legal conclusions related to inadequate medical care.  The Court is mindful that prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010).  However, the standard is not so lenient as to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009).  The sheer possibility that a defendant has acted unlawfully does not suffice.  <u>Id.</u> at 678 (quotation marks omitted).

  Plaintiff's complaint does not comply with Rule 8 and it must be dismissed.  Plaintiff will be allowed to amend his complaint pursuant to the standards set forth below.

  2.     <u>Linkage</u>

  Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must

demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Additionally, there is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009).

Plaintiff must therefore link each Defendant to participation in the violation at issue. Plaintiff's allegations are too vague to determine whether each named Defendant personally participated in the alleged deprivation. Moreover, at least as to Defendants Rahim and Taherpoor, Plaintiff makes no factual allegations against them.

Plaintiff also names numerous Defendants who appear to be in supervisory positions. Supervisory defendants may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012). Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, as alleged here, may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001).

3. Unrelated Claims

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ.

P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).

Here, Plaintiff's claims include treatment he received at both PVSP and CTF-Soledad. Although the allegations all appear to concern treatment related to his hand, they involve different sets of Defendants and different facts. The claims are therefore not properly joined under Rule 20. An amended complaint should therefore raise allegations relating only to one prison. Plaintiff may file a separate action for the remaining claims.

    4.    <u>Eighth Amendment</u>

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective

recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

As explained above, Plaintiff's complaint is too vague and he fails to state a claim for an Eighth Amendment violation.

### D.     CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim under section 1983. The Court will provide Plaintiff with one opportunity to file an amended complaint, if he believes in good faith he can cure the deficiency identified above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated:   **April 10, 2013**               /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE