# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC COLLINS, | ) 1:12cv01245 DLB PC |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT ) WITH LEAVE TO AMEND |
| vs. | ) THIRTY-DAY DEADLINE |
| SCHWARZENEGGER, et al., | ) |
| Defendants. | ) |

Plaintiff Eric Collins ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on July 30, 2012. Pursuant to Court order, he filed a First Amended Complaint ("FAC") on May 16, 2013. He names Dr. Duenas, R.N. Shortnacy, Dr. Paja, Dr. Igbinosa, Dr. Ahmed, Dr. Grey, Dr. Limjavate and Dr. Rorhdanz as Defendants.[1]

### A.   LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] On August 27, 2012, Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Institution for Men in Chino, California. The events complained of occurred while he was housed at Pleasant Valley State Prison ("PVSP") and the Correctional Training Facility in Soledad, California ("CTF-Soledad").

Plaintiff alleges that on November 19, 2007, he saw Defendant Duenas at PVSP concerning his left hand. He was sent to an orthopedic specialist, Dr. Lewis, to have his hand casted.

On July 18, 2008, Plaintiff alleges that Defendant Duenas knew that his hand needed surgery based on Dr. Lewis' report.

Plaintiff alleges that Dr. Lewis also ordered a bone stimulator "via" Defendant Shortnacy on January 9, 2009. Despite Plaintiff's many requests, he did not receive his bone stimulator until March 18, 2009.

Plaintiff saw Dr. Lewis again on August 27, 2009. Dr. Lewis told Plaintiff that the bone stimulator was working and ordered him to use it for an additional three months.

In October 2009, Plaintiff was put up for transfer to CTF-Soledad. Two days before his transfer, Defendant Shortnacy took his bone stimulator, stating that it was PVSP property and that Plaintiff would get one at CTF-Soledad. Plaintiff contends that this was a violation of 15 Cal. Code Regs. § 3358(b).

Once at CTF-Soledad, Plaintiff complained about his bone stimulator. Plaintiff's bone stimulator was denied and Defendant Ahmed sent him to an orthopedic specialist.

In May 2010, Dr. Zewart, an orthopedic specialist, ordered surgery and told Plaintiff that the bone was dying because he had not been using his bone stimulator.

On July 23, 2010, after months of complaints, a date for Plaintiff's surgery was set. Plaintiff was ordered to stop using NSAIDs. Defendant Limjavate received this order and notified Defendant Grey. The order was approved by Chief Medical Officer Chudy. A medical hold was not placed on Plaintiff, however, and two days prior to his surgery, Plaintiff was transferred back to PVSP. Plaintiff contends that the failure to place him on a medical hold violated CDCR policy.

Upon Plaintiff's arrival at PVSP, he notified medical staff of his situation. Defendant Rohrdanz was Plaintiff's doctor. Plaintiff started "the entire process" over. FAC 4. Once he was finally seen by Dr. Paik, his bone was deteriorated beyond repair.

Plaintiff was sent to a trauma specialist at UCSF and underwent an operation on June 28, 2011.  Plaintiff argues that this operation was 4.5 years after he was told he needed an operation by the first doctor, and as a result, he had to live with an unrepaired broken hand during this time period.

C.     **ANALYSIS**

    1.     Linkage

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Additionally, there is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his own misconduct.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009).

Plaintiff must therefore link each Defendant to participation in the violation at issue.  Here, Plaintiff makes no factual allegations against Defendants Paja or Igbinosa.  He therefore fails to state a claim against them.

    2.     Eighth Amendment

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, inmates must show deliberate indifference

to a substantial risk of harm to their health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.  Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

      a.    *Defendant Duenas*

Plaintiff alleges that Defendant Duenas saw him in November 2007 and sent him to an orthopedic specialist.  He also alleges that in July 2008, Defendant Duenas knew he needed surgery based on Dr. Lewis' report.  These allegations, however, do not demonstrate that Defendant Duenas acted with deliberate indifference.  In November 2007, he simply saw Plaintiff and referred him to a specialist.  Months later, in July 2008, Plaintiff states only that Defendant Duenas knew he needed surgery.  While Plaintiff may ultimately be able to state a

claim against Defendant Duenas, the current allegations do not suggest that Defendant Duenas acted, or failed to act, with the requisite state of mind.  For example, Plaintiff does not explain how Defendant Duenas was involved in any decision related to Plaintiff's surgery.

        b.    *Defendant Shortnacy*

Plaintiff also fails to allege that Defendant Shortnacy acted with the requisite state of mind.  He alleges that he asked Defendant Shortnacy for a bone stimulator, but that he didn't receive it for months later.  He doesn't explain what Defendant Shortnacy had to do with this delay.  Plaintiff also alleges that Defendant Shortnacy took his bone stimulator prior to his transfer, but she also explained that it was PVSP property and that Plaintiff would receive one once he arrived at CTF-Soledad.  These allegations do not suggest that Defendant Shortnacy acted with deliberate indifference.

Insofar as Plaintiff suggests that she violated section 3358(b) of Title 15 of the California Code of Regulations, the regulations do not provide for a cause of action.

        c.    *Defendants Ahmed, Limjavate, Greg and Rohrdanz*

Plaintiff's allegations against Defendants Ahmed, Limjavate, Greg and Rohrdanz also fail to allege that they acted with deliberate indifference.  He alleges that Defendant Ahmed sent him to a specialist, but this does not suggest any type of Eighth Amendment violation.

Plaintiff also alleges that Defendant Limjavate ordered Plaintiff to stop his medication prior to surgery, and that Defendant Limjavate communicated this to Defendant Grey.  These allegations do not, however, explain why their actions or inactions were deliberately indifferent.

Finally, Plaintiff alleges that Defendant Rohrdanz was his doctor, but he doesn't clearly explain why he thinks Defendant Rohrdanz acted with deliberate indifference.

Plaintiff's FAC therefore fails to state a claim against any of these Defendants.  Again, Plaintiff may ultimately be able to state an Eighth Amendment claim, but he needs to include

additional facts describing Defendants actions or inactions, and how they relate to his claim that his surgery was delayed for 4.5 years.

### D.     CONCLUSION AND ORDER

Plaintiff's FAC fails to state a claim under section 1983.  The Court will provide Plaintiff with a **final opportunity** to file an amended complaint, if he believes in good faith he can cure the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's FAC is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.     Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated:   **December 30, 2013**                      /s/ *Dennis L. Beck*
                                                             UNITED STATES MAGISTRATE JUDGE